NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE FISHBEIN FAMILY PARTNERSHIP, <br><br> Plaintiff, <br><br> v. <br><br> PPG INDUSTRIES, INC., JOHN P. BEYEL, McELROY, DEUTSCH & MULVANEY, BUDD, LARNER, GROSS, ROSENBAUM, GREENBERG & SADE, WILLIAM WARD, WATERS, McPHERSON & McNEILL, ABC LAW FIRM, DEF LAW FIRM, XYZ LAW FIRMS 1-10, ATTORNEY JOHN DOES 1-10, <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 93-CV-653 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants John P. Beyel; McElroy, Deutsch & Mulvaney, LLP ("MDM"); Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, LLP ("Budd Larner"); William Ward; and Waters, McPherson & McNeill, LLP's ("WMM," and collectively, "Defendants") motions for summary judgment dismissing Plaintiff Fishbein Family Partnership's ("FFP") legal malpractice action. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motions for summary judgment are **granted**.

**I. BACKGROUND**

FFP hired MDM to represent them in an environmental lawsuit brought against PPG Industries ("PPG"). The underlying action was filed by MDM on February 16, 1993 with Beyel as the attorney primarily responsible for handling the case. WMM also represented FFP at various times relating to FFP's claims against PPG. Ward was the attorney at WMM primarily responsible for the file. Plaintiff filed its Amended Complaint in the instant case on July 3, 1997, asserting legal malpractice claims against various attorneys relating to the March 7, 1996 decision issued by the Honorable William H. Walls from the underlying litigation. Judge Walls dismissed Plaintiff's causes of action against PPG on statute of limitation grounds. Plaintiff brought this legal malpractice action against Defendants, alleging that they caused Plaintiff to miss the statute of limitations.

In The Fishbein Family Partnership v. PPG Industries, Inc., the issue before the court was whether Plaintiff's claims were barred by the applicable six-year statute of limitations. FFP filed its Complaint on February 16, 1993, so the court had to determine whether the causes of action accrued before February 16, 1987. Judge Walls dismissed FFP's common law claims against PPG in this case because he concluded that the causes of action arose more than six years before this suit was filed on February 16, 1993 and were, therefore, time-barred under N.J.S.A. 2A:14-1. Judge Walls applied the discovery rule to FFP's common law claims in this case, identifying the issue as whether FFP knew or reasonably should have known of its causes of action prior to February 16, 1987. Citing the allegations raised against PPG, Clif Associates ("Clif") and Lawrence Construction Co. ("Lawrence") in Jersey City Redevelopment Authority v. PPG Industries ("JCRA"), Judge Walls held that "[t]he undisputed facts are that FFP's cause of action accrued at the latest by April or May 1985, if not earlier." The Fishbein Family Partnership v. PPG Industries, Inc., No. 93-653, slip op. at 8 (D. N.J. Mar. 7, 1996) (citing JCRA, No. 85-2014, 1987 WL 54410 (D. N.J. Sept. 3, 1987)).

Judge Walls concluded that "it could hardly be more clear that FFP - as successor to Clif/Lawrence - knew or should have known of its causes of action against PPG long before February 1987." Id. at 9.

Judge Walls, however, did not resolve the earliest date by which FFP and its predecessors knew, or should have known, of the existence of their common law claims against PPG. Judge Walls did, however, recognize from the allegations in the JCRA litigation that FFP was aware of the basic facts giving rise to its claims more than six years before the instant case was filed. The facts are undisputed, and the court expressly found, that FFP's predecessors, Clif and Lawrence, knew by 1973 or earlier that PPG's chromium processing operations at the Garfield Avenue site had caused damage to the environment as well as specific damage to the buildings that Lawrence had constructed on the property. At no time during the ensuing six-year period from 1973 through 1979 did any of the Defendants represent FFP or its predecessors.

Two courts have determined that FFP's predecessors, Clif and Lawrence, knew by 1973 of the existence of environmental problems stemming from the chromium processing operations conducted by PPG on the Garfield Avenue site. Judge Sarokin, in the JCRA action, found that by 1973, if not before, Clif and Lawrence "knew or had reason to believe that the [chromium] residue could cause construction and therefore, environmental problems." JCRA, 1987 WL 54410, at *2. Similarly, Judge D'Italia, in the state court action filed by PPG seeking contribution for clean-up costs, found that Clif and Lawrence "knew by September 1973 that COPR could cause contamination, and, therefore, environmental problems." PPG Industries, Inc. v. Lawrence Construction Co., et al, No. HUD-L-195-93, slip op. at 5 (N.J. Super. Ct. App. Div. Apr. 24, 2000).

3

During the six-year period from 1973 through 1979, FFP's predecessors took no action to pursue claims against PPG relating to the contamination of the soil at the Garfield Avenue site. The statute of limitations had long since run by 1983, when FFP's predecessors first retained counsel.

## II. STANDARD OF REVIEW: RULE 56 SUMMARY JUDGMENT

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. Id. "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). However, "[i]n determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences -- including issues of credibility -- in favor of the nonmoving party." Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000) aff'd, 51 Fed. Appx. 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

**III. DISCUSSION**

In New Jersey, to establish a legal malpractice claim, a plaintiff must prove: (1) that an attorney-client relationship existed, thereby giving rise to a duty of care on the part of the attorney; (2) that the attorney breached that duty; and (3) that the attorney's negligence was a proximate cause of the damages claimed to have been suffered by plaintiff. See, e.g., McGrogan v. Till, 167 N.J. 414, 425 (2001); Conklin v. Hannoch Weisman, 145 N.J. 395, 416 (1996). Here, FFP cannot establish that it had the requisite attorney-client relationship with any of the Defendants before the six-year statute of limitations on its common law claims against PPG expired. FFP has been barred from pursuing those claims in this action because of its own inaction and not Defendants' professional negligence. The statute of limitations ran before the attorney Defendants were retained. Thus, Defendants cannot be held liable for legal malpractice due to Plaintiff violating the statute of limitations.

A cause of action ordinarily accrues, and the statute of limitations begins to run, when all of the elements of the cause of action are present, i.e., "from the moment of the wrong." Amland Properties v. Aluminum Co. of Am., 808 F.Supp. 1187, 1190 (D. N.J. 1992); Lopez v. Swyer, 62 N.J. 267, 274 (1973). Under New Jersey's discovery rule, however, the causes of action do not accrue "until the plaintiff learns, or reasonably should learn, the existence of that state of facts which may equate in law with a cause of action." Vispiano v. Ashland Chem. Co., 107 N.J. 416, 426 (1987) (quoting Burd v. N.J. Tel. Co., 76 N.J. 284, 291 (1978)). The discovery rule is often applied in environmental tort cases due to the difficulty of determining the existence of, and responsibility for, environmental injuries. See Amland Properties, 808 F.Supp. at 1191. Here, Judge Walls applied the

discovery rule to FFP's common law claims in this case, identifying the issue as whether FFP knew or reasonably should have known of its causes of action prior to February 16, 1987. Judge Walls determined that there was no genuine issue of material fact as to this issue because "[t]he undisputed facts are that FFP's cause of action accrued at the latest by April or May 1985, if not earlier." The Fishbein Family Partnership v. PPG Industries, Inc., No. 93-653, slip op. at 8 (D. N.J. Mar. 7, 1996). Judge Walls concluded that "it could hardly be more clear that FFP - as successor to Clif/Lawrence - knew or should have known of its causes of action against PPG long before February 1987." Id. at 9. FFP was aware of the basic facts of its claims more than six years before the instant case was filed. The facts are undisputed, and the court expressly found, that FFP's predecessors, Clif and Lawrence, knew by 1973 or earlier that PPG's chromium processing operations at the Garfield Avenue site harmed the environment and damaged the buildings that Lawrence constructed on the property. At no time during the ensuing six-year period from 1973 through 1979 did any of the attorney Defendants represent FFP or its predecessors. Therefore, none of these Defendants can be held responsible for missing the statute of limitations.

The professional negligence claims subsequently asserted by FFP against its former counsel presuppose that Defendants had an attorney-client relationship with FFP or its predecessors prior to the expiration of the six-year statute of limitations. The undisputed facts indicate, however, that this was not the case. Both Judge Sarokin, in the JCRA action, and Judge D'Italia, in the state court action filed by PPG seeking contribution for clean-up costs, have already determined that FFP's predecessors knew by 1973 of the existence of environmental problems stemming from the chromium processing operations conducted by PPG on the Garfield Avenue site. FFP is bound by

6

these findings under the doctrine of issue preclusion. See, e.g., Montana v. United States, 440 U.S. 147, 153-54 (1979); Gruntal & Co., Inc. v. Steinberg, 854 F.Supp. 324, 336-37 (D. N.J. 1994), aff'd 46 F.3d 1116 (3d Cir. 1994).

During the six-year period from 1973 through 1979, FFP's predecessors took no action to pursue claims against PPG relating to the contamination of the soil at the Garfield Avenue site. The statute of limitations had long since run by the time that Budd Larner was first retained in 1983 to represent FFP's predecessors. Beyel did not represent FFP or its predecessors for any purpose until he was assigned to do so by Budd Larner in 1985. Beyel left Budd Larner in April 1989 to join MDM. MDM had no prior relationship with FFP or its predecessors. Therefore, neither Beyel, MDM nor any of the other Defendants in this matter had any prior attorney-client relationship with FFP or its predecessors during the time period while the statute of limitations was running (1973-79). Defendants were never in a position to assert the claims dismissed by Judge Walls in a timely manner and cannot be deemed to have breached a duty to FFP for failing to have done so.

WMM and Ward further submit that even if the statute of limitations had expired at a later date, the New Jersey Department of Environmental Protection (NJDEP) notification that Caven Point Road and other premises had been identified as chromium contaminated sites was beyond WMM and Ward's control and in the hands of a successor firm. WMM and Ward should be entitled to summary judgment regardless of the accrual date of the statute of limitations since there was adequate time for a timely Complaint to be filed against PPG once the responsibility for the litigation at the Garfield Avenue site had been given to Beyel at MDM. Beyel and MDM were retained to represent FFP in litigation related to the Garfield Avenue site on or before August 21, 1989;

however, WMM and Ward were not retained to do so. Even accepting Judge Wall's analysis of the latest possible date for the accrual of the statute of limitations on the tort claims asserted by FFP against PPG (April or May 1985), there was a twenty-month period after MDM was retained during which a timely Complaint could have been filed. Therefore, WMM and Ward should be entitled to summary judgment on the legal malpractice claim regardless of the accrual date of the statute of limitations. This court, however, need not address this issue because there is undisputed proof that FFP's claims accrued much earlier than April 1985.

Plaintiff's argument in its brief in opposition to Defendants' motions for summary judgment is that a jury, rather than a judge, may be necessary to resolve genuine issues of material fact relating to the discovery of a cause of action. This, however, is not the case if there are no disputed facts. See Goodman v. Mead Johnson & Co., 534 F.2d 566, 571-73 (3d Cir. 1976). Here, FFP's blanket admission regarding the truthfulness of the material facts presented by Budd Larner and the record indicate that by no later than September 1973, the date of the Foundation Report by Haller Labs, FFP's predecessors either knew, or had reason to know, that they may have an actionable claim against PPG for the injuries they suffered. Therefore, Plaintiff's defenses are meritless for the reasons set forth above and fail to establish that summary judgment should not be granted.

## IV. CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants' motions for summary judgment are **granted**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date: August  30 , 2007
Orig.: Clerk
cc: Counsel of Record
    The Honorable Mark Falk, U.S.M.J.
    File